## 9735

### SANDIFER v. ATLANTIC COAST LINE RAILROAD CO.

#### (93 S. E. 1055.)

RAILROADS — CROSSINGS ON HIGHWAYS — WILFUL FAILURE TO KEEP IN REPAIR—ISSUES.—There being testimony to show a wilful failure on part of a railroad company to keep its crossing over a highway in proper repair, motions for nonsuit and new trial were properly refused.

Before PRINCE, J., Bamberg, March, 1916. Affirmed.

Action by J. A. Sandifer against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Mayfield & Free,* for appellant, submit: *Injury was due to act of God:* 6 Cyc. 378, 379, 382, 383; 18 S. C. L. (2 Bail.) 423; 29 S. C. 102, 193; 65 S. C. 509; 80 S. C. 207

*Mr. Lucien W. McLemore* submits: *Plaintiff's action rests on either negligence or wilfulness:* Elliott Railroads (2d ed.), sec. 1176; 123 Ind. 15; 18 Am. St. Rep. 303; 7 L. R. A. 588; 31 S. C. 393; 10 S. E. 91; 76 S. C. 207; 56 S. E. 959; 78 S. C. 384; 58 S. E. 1094.

*Messrs. Carter & Carter* and *R. C. Hardwick,* for respondent, cite: *As to liability:* 29 S. C. 96. *Issue for jury:* 98 S. C. 125; 89 S. C. 314; 94 S. C. 309; 91 S. C. 201. *Duty to keep crossing in repair:* 76 S. C. 554.

July 6, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for compensatory and punitive damages, alleged to have been sustained by the plaintiff, on account of injuries to himself and property through the wrongful acts of the defendant in failing to keep the highway, crossing its track, in proper repair. The defendant denied the allegations of the complaint, and set up the defense of contributory negligence. At the close of the plaintiff's testimony, the defendant's attorneys made a motion for a nonsuit, on the ground that the accident occurred, as it were, from the falling of a large quantity of surface water, and that is in the nature of an act of God; further, that the plaintiff has shown that there was no negligence on the part of the defendant company whatever in the matter, the rain having fallen only a few minutes before that. Upon the same ground they also made a motion for a nonsuit as to punitive damages. Both motions were refused. The jury rendered a verdict in favor of the plaintiff for $40 actual and $700 punitive damages. The defendant's attorneys made a motion for a new trial, which was refused, and it appealed. The only exception which raised a question of law was abandoned. The other exceptions assign error on the part of his Honor, the presiding Judge, in refusing the motion for nonsuit, and in refusing the motion for a new trial, on

the ground that the verdict as to punitive damages was excessive. The appellant's attorneys did not discuss the testimony in detail, nor do we think it necessary to do so. Our conclusion is that the verdict is fully sustained by the testimony, and there is no evidence that the punitive damages were excessive. Affirmed.